CHESTER W. DURFEE *vs.* MARY A. MEADOWCROFT,
administratrix, with the will annexed, & another.
THOMAS D. WARBURTON *vs.* JAMES MOORE & trustee.

Bristol.    October 24, 1906. — November 27, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Chattel*, Life interest. *Personal Property.    Contract*, Construction. *Execution.
Practice, Civil.    Trustee Process.*

The questions, whether the owner of a building which is personal property can
create a life interest in it in favor of another with a reversion in himself, and,
if so, whether such an interest can be created orally, here were not passed upon,
the court assuming that such an interest could be created and could be created
orally, for the purpose of deciding the case upon the point that the oral arrange-
ment alleged to have transferred a life interest in the building was merely an
executory contract.

A wooden building standing on leased land was owned as personal property by a
woman with a husband and two daughters.   The owner died leaving a will, not
assented to by her husband, bequeathing all her property to her daughters
equally.   One of the daughters was appointed administratrix with the will an-
nexed.   The surviving husband made an arrangement with his daughters by
which "he transferred all his interest in his wife's estate to them, and they
agreed that he should take charge of the wooden building, collect the rents, pay
all the expenses, and from the balance left, if any, should keep $3 a week for
his living expenses, and pay over the remainder" to the administratrix.   This
arrangement was to continue during his life and the estate was not to be settled
until after his death.   He took possession of the building and continued to
occupy it, collecting and receipting for the rents in his own name, settling losses
with insurance companies, paying the charges and taking out the $3 a week,
after which there was nothing left to be paid to the administratrix.   A judg-
ment creditor of the surviving husband seized and sold his alleged interest in
the building under an execution against him, and the purchaser at the execution
sale brought a suit in equity against the two daughters under R. L. c. 159, § 3,
cl. 4, alleging that he and the defendants were joint owners of personal property,
and seeking to have their respective rights determined and the building sold
and the proceeds distributed.   *Held*, that, assuming without deciding, that the
owner of a chattel can create a life interest in it in favor of another with a rever-
sion in himself, and that this can be done orally, and also that, the estate being
free from debt, the administratrix with the consent of her co-legatee could create
such an interest in the building, and that a gift or transfer of the income or use
for life accompanied by possession of the building would constitute such an
interest, yet the arrangement between the father and his daughters did not
transfer to the father any interest in the building but on the part of the execu-
trix and her co-legatee was merely an executory contract; so that nothing
passed to the plaintiff by the seizure and the sale on execution.

Where an action of contract, begun by trustee process, in which a judge of the
Superior Court ruled that the trustee should be discharged, comes to this court
by report, and it appears that the trustee had in his hands no goods, effects or

credits of the defendant, so that the ruling of the judge was right, but no reason appears why the plaintiff is not entitled to judgment for a balance due to him and there is no way of ascertaining from the report what that balance is, the case will be remitted to the Superior Court with directions to ascertain the amount due and, when it is ascertained, to enter judgment accordingly in favor of the plaintiff.

Morton, J. These two cases were heard together and come here on report. The first is a suit in equity and the second an action at law. Both, it is stated in the report, are founded on the same cause of action. In the equity cause such decree is to be entered as equity and justice require, and in the action at law such judgment as law and justice require. The controversy relates to a wooden building standing on leased land. It is alleged in the bill in equity that the plaintiff and defendants are joint owners of the building, and the bill seeks to have their respective rights determined and the building sold and the proceeds distributed under R. L. c. 159, § 3, cl. 4. The facts as stated in the report may be summarized as follows: The building was owned by one Mary A. Moore, the wife of the defendant James Moore, at the time of her death; her heirs at law were her husband and two daughters, the other two defendants; she left a will, which was not assented to by her husband, bequeathing all her property equally to the daughters; the defendant Meadowcroft was duly appointed administratrix with the will annexed; after the death of his wife an oral arrangement was entered into between James Moore and his daughters whereby " he transferred all his interest in his wife's estate to them, and they agreed that he should take charge of the wooden building, collect the rents, pay all the expenses, and from the balance left, if any, should keep three dollars a week for his living expenses, and pay over the remainder to the defendant Meadowcroft"; this arrangement was to continue during his life and the estate was not to be settled till after his death. Moore took possession under this arrangement and has continued to occupy under the same ever since, letting the store and tenements and collecting and receipting for the rents in his own name and settling with the insurance companies for losses that have twice occurred through fire: it is found that after paying the charges on the building and taking out the $3 a week there was nothing left to be paid to the defendant Meadowcroft.

The judge found that the object of this arrangement was to provide for Moore's support during his life, but that the parties did not consider the question of what interest, if any, they were transferring to Moore, and the defendant Meadowcroft did not consider whether she was making the agreement as administratrix or as one of the next of kin. The judge found as a fact that she made the agreement as administratrix, and ruled and found as a fact, so far as it involved a question of fact, that the effect of this action on her part was to transfer to Moore a life interest in the building. The plaintiff Durfee contended that this interest had passed to him by virtue of a seizure and sale on an execution issued upon a judgment obtained by Warburton against Moore, and the judge so ruled; but also ruled that on account of the inadequacy of the consideration paid by Durfee it would be inequitable to aid him in enforcing his legal rights and declined to do so. Thereupon a stipulation was entered into between the plaintiff Durfee and Warburton that the former should hold as trustee for the benefit of the latter, and after a further hearing upon the bill as amended by making the defendant Moore a party and in other respects, the judge ruled in substance that the bill could not be maintained against the original defendants, the daughters, on the ground that they had no joint interest or possession of the building with the plaintiff, and that it could only be maintained by the plaintiff against Moore as trustee for Warburton, and as we understand the report the judge held, in effect, that it could be so maintained.

The principal question is whether Moore took an interest in the building for his life or otherwise. We assume in favor of the plaintiff Durfee, without deciding, that the owner of a chattel personal can create a life interest in it in favor of another with a reversion in himself, and that such an interest may be created orally as well as by deed. We also assume in his favor, without deciding, that, the estate being free from debt, the administratrix with the consent of her co-heir could create such an interest in the building, which must be regarded as a chattel personal, and that a gift or transfer of the income or use for life accompanied by possession of the building would constitute such an interest. See Gray, Rule against Perpetuities, §§ 91 *et seq.* But there was no gift or transfer of the income or use for life

and nothing it seems to us tantamount to the transfer or creation of a life interest in the building. The agreement was that Moore should take charge of the building, collect the rents, pay all the expenses, retain $3 a week for his living expenses, and pay over the balance if any to the defendant Meadowcroft. This arrangement did not transfer to Moore or create in his favor any interest in the building. It was a purely personal contract or undertaking between him and the other parties to it. Its nature was not affected by the fact that it was to continue during his life and was intended as a provision for his support. It is not found and there is nothing to show that the administratrix and her sister intended to transfer a life interest to him. The fact that he has had possession of the building under the arrangement that was entered into does not operate to vest such an interest in him if no such interest was created by the contract. And it is immaterial that he has rendered no account and that the defendant Meadowcroft by reason of charges on the building and the $3 a week taken out by Moore for his living expenses has received nothing from the building. It follows from what we have said that nothing passed to the plaintiff Durfee by the seizure and sale on execution and that his bill must be dismissed.

In regard to the action at law by Warburton, in which Meadowcroft as administratrix was summoned as trustee, we think that the ruling of the judge in ordering that the trustee be discharged was right. The defendant Moore had transferred all his interest in his wife's estate to his daughters, and the administratrix had therefore no goods, effects, or credits of the defendant in her hands. We do not see, however, why the plaintiff is not entitled to judgment for the balance due him. But, as there is no way of ascertaining from the report what that balance is, the action must be remitted to the Superior Court with directions to ascertain the amount due and, when ascertained, to enter judgment accordingly in favor of the plaintiff.

> *Bill dismissed with costs ; order discharging trustee affirmed; action at law remitted to Superior Court with directions to ascertain amount due the plaintiff and when ascertained to enter judgment accordingly.*

*F. A. Pease*, for the plaintiffs.

*F. Wasserman*, (*D. Silverstein* with him,) for the defendants.